## IN RE DOEPKER.

(No. 4,550.)

(Decided November 15, 1928.)

[271 Pac. 694.]

## OPINION: PER CURIAM.

On the twelfth day of January, 1920, M. J. Doepker, an attorney and counselor at the bar of this state, was disbarred by an order of this court. It appears that in the month of September, 1919, he pleaded guilty to the crime of larceny in the district court of Broadwater county, Montana, and was sentenced to the state prison. It seems that he was

released from prison after serving a year and a half of the sentence. In due time thereafter he was restored to citizenship by the governor.

On the 2d of August, 1928, he applied to this court for reinstatement as a member of the bar, and supported his application by the certificates of lawyers of good standing, in which they state that Mr. Doepker has repented his error, and ever since his release from prison has lived the life of a straightforward and dependable citizen of the state; in their opinion will conduct himself hereafter in such manner as to reflect credit upon himself and his associates. The petition is also supported by the request of forty-one members of the bar of Silver Bow county, who request his reinstatement. Among these are the three presiding district judges of Silver Bow county and two former district judges.

On October 6, 1928, Mr. Doepker filed a supplemental petition, in which he expresses sincere contrition for his culpable act. He sets forth the circumstances under which he came to embezzle the money, and it is fair to say that some extenuating circumstances appear. He says that since his release from prison he has resided in Montana at all times, and has conducted himself in an upright and honorable way; that he has never since his disbarment, directly or by subterfuge, attempted to practice law. He also avers that since his release from prison he has been endeavoring to support his family at occupations for which he had no training and that he has been unable to obtain more than the bare necessities of life for his wife and children. He affirms that he has been ever mindful of the disastrous consequences resulting to any man who misappropriates funds that should remain inviolate in his possession, and has had brought to him most forcibly the necessity of uncompromising honesty in the practice of law. He concludes his prayer for reinstatement with the assurance that his future conduct in the practice of his profession will be above the shadow of reproach.

The circumstances considered, the court deems the application and the showing made in support thereof sufficient to

warrant the reinstatement of Mr. Doepker, and orders that upon his taking the usual oath of office he be fully restored to the privileges of an attorney and counselor of this court.